Clark H. and Masie O. Tyree v. Commissioner.
Tyree v. Commissioner
Docket Nos. 90492, 418-62.
United States Tax Court
T.C. Memo 1963-127; 1963 Tax Ct. Memo LEXIS 218; 22 T.C.M. (CCH) 602; T.C.M. (RIA) 63127; May 8, 1963
*218 C. H. Tyree, pro se., D. C. Knickerbocker, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: The respondent has determined deficiences in petitioners' income taxes for 1959 and 1960 in the respective amounts of $373.10 (as corrected for a mathematical error of 20 cents) and $284.94. Findings of Fact The petitioners are husband and wife residing at 2025 Peachtree Road, Atlanta, Georgia. They filed joint returns for 1959 and 1960 with the district director of internal revenue at Atlanta, Georgia. The husband, Clark H. Tyree, will be referred to hereinafter as the petitioner. During 1959 the petitioner was employed by the City of Forest Park, Forest Park, Georgia, and his wife was employed as a teacher by the Atlanta Board of Education. In their joint return for 1959 petitioner and his wife reported taxable income of $4,061.42 received by petitioner from the City of Forest Park and $5,556.07 received by his wife from the Atlanta Board of Education. In his audit of the return, respondent has determined adjusted taxable income of $6,854.10, and a tax liability of $1,427.90. The net deficiency determined after the deduction *219 of taxes withheld of $1,405.80 is $22.10. In making his determination respondent disallowed $1,590 of the $2,299.06 claimed as business expenses and has decreased the standard deduction claimed by the amount of $105.10. The claimed expense deduction of $2,299.06 includes automobile expenses of $1,209.06, less $500 of reimbursements made by petitioner's employer, and other expenses of $1,590. The respondent has allowed $709.06 of the amount claimed as expenses and disallowed the balance. In 1960, the petitioner was in business for himself. He describes his business in his 1960 return as follows: A. PRINCIPAL BUSINESS ACTIVITY-Engaged in Providing Services and Material As Required By State Laws, and United States Public Law, No 15 In the Accomplishment of Tax Evaluation (Mass and/or Individual): Appraisals: Topographical Mapping: Abstracts: Accounting, Engineering, Auditing: Law: Insurance Analysis & Surveys, The Application of Rates and Rating Methods: Audit of Prepaid Insurance Ledger and Review of all Insurance Contracts, Involving All Perils: Cost, Coverage, Protection, Adequacy: No-Concurrency: Preparation and Approval of Standard Forms, To Comply With The Law: Comprehensive *220 Reports, and Recommendations for The Better Protection, and/or A System of Internal Control: Determination of Co-Insurance Applicable, & If Values, are Commensurate With Policy Contracts and Compliance: Calculation and Computation of Each Individual Cost, which in reality is an Integral Part of Supporting Items, Under Prepaid Insurance and Expense Accounts of The Financial Statement. Petitioners' 1960 return shows income received by Masie in the amount of $5,624 and a loss from petitioner's business of $1,901.41. The amount of taxable income reported was $2,150.34. The respondent has disallowed $1,583 of the claimed business loss and has increased the standard deduction by the amount of $158.31. These adjustments result in an adjusted taxable income of $3,575.03 and a deficiency of $284.94. Opinion Respondent determined that the petitioner realized a business loss in 1960 of $318.41 instead of $1,901.41 as claimed on the return. He allowed automobile expenses of $855.41 and other expenses of $213 as claimed on the return, but disallowed the deduction of a number of accounts receivable aggregating $1,160 on the ground that petitioners, reporting on a cash basis, had never taken *221 these accounts into income. On the evidence adduced at the hearing respondent concedes in his brief that petitioner's business loss for 1960 was $501.90 instead of $318.41 as determined in the notice of deficiency. Petitioner was not represented by counsel in the Tax Court proceeding. He testified on his own behalf and was permitted to place in evidence a number of papers, such as memoranda and accounting data which, for most part, were unverified and unexplained. It is difficult to determine from the pleadings, or from the briefs filed by the parties, or from the evidence of record, just what facts or questions of law are in controversy. In any event none of the evidence before us affords any basis for setting aside any of the adjustments which respondent has made in petitioners' returns. Petitioner has failed in his burden of proving that respondent's determination of his tax liability for either of the years before us, after giving effect to the concessions which he makes in his brief, are erroneous. Decisions will be entered under Rule 50.